UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-681-FDW

| | |
|---|---|
| ROBIN EUGENE LAND, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>SUSAN WHITE, )<br>)<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on Respondent's Motion for Summary Judgment, (Doc. No. 7).

**I.    BACKGROUND**

Petitioner is a prisoner of the State of North Carolina, who, on December 14, 2010, in Mecklenburg County Superior Court, was convicted after trial by jury of possession with intent to sell or deliver marijuana, delivery of marijuana, and being a habitual felon, and was sentenced to two consecutive terms of 101-131 months imprisonment, in cases 09 CRS 73587, 239878, and 239880.  On November 6, 2012, the North Carolina Court of Appeals issued a published opinion, finding no error over a dissent.  State v. Land, __ N.C. App. __, 733 S.E.2d 588 (2012).  After allowing an additional issue to be briefed regarding whether the Court of Appeals applied the proper standard for reviewing an ineffective assistance of counsel claim under Strickland v. Washington, 466 U.S. 668 (1984), the North Carolina Supreme Court affirmed the decision of the Court of Appeals on June 13, 2013.  State v. Land, 366 N.C. 550, 742 S.E.2d 803 (2013).  Petitioner was represented at trial by Jennifer Coulter and on appeal by Don Willey.

1

Petitioner placed the habeas petition in the prison system for filing on December 6, 2103, and it was stamp-filed in this Court on December 11, 2013. Respondent filed the pending summary judgment motion on April 2, 2014. (Doc. No. 7). On April 3, 2014, the Court issued an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of his obligation to respond to the summary judgment motion. (Doc. No. 9). On April 21, 2014, Petitioner filed his own affidavit in response to the summary judgment motion. (Doc. No. 11). Petitioner contends that: (1) his sentence of 22 years for a marijuana infraction involving 2.3 grams of marijuana constitutes cruel and unusual punishment in violation of the Eighth Amendment; and (2) he received ineffective assistance of counsel because, under North Carolina law, a delivery of under five grams for no remuneration is not a delivery, and the amount of marijuana involved was only 2.3 grams, and his lawyer did not object or request a jury instruction on this point.

## II.  STANDARD OF REVIEW

**A. Summary Judgment Standard**

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. FED. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

**B. Section 2254 Standard**

In addition to the motion for summary judgment standard set forth above, this Court must also consider the petition for writ of habeas corpus under the requirements set forth in 28 U.S.C. § 2254.  Section 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A state court decision is contrary to clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at [an opposite result][.]"  Williams v. Taylor, 529 U.S. 362, 405 (2000); Lewis v. Wheeler, 609 F.3d 291, 300 (4th Cir. 2010) (quoting Williams, 529 U.S. at 405).  A state court unreasonably applies federal law when it "identifies the correct governing legal rule from th[e Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case."  Williams, 529 U.S. at 407; Lewis, 609 F.3d at 300-01 (stating that a state court unreasonably applies federal law when it "extends a legal principle from [the Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new

3

context where it should apply[ ]") (citation and quotation marks omitted).

"[A]n unreasonable application of federal law is different from an incorrect application of federal law" for § 2254(d)(1) purposes. Williams, 529 U.S. at 410. The former requires a "substantially higher threshold" to obtain relief than does the latter. Schiro v. Landrigan, 550 U.S. 465, 473 (2007). A state court's determination that a claim fails on its merits cannot be overturned by a federal habeas court "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

A habeas court, therefore, must "determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e Supreme] Court." Richter, 131 S. Ct. at 786. A petitioner has the burden of establishing that the state court decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 786-87.

**III. DISCUSSION**

The North Carolina Court of Appeals summarized the facts from Petitioner's trial as follows:

> The State's evidence tended to show the following facts. On the evening of 14 August 2009, Charlotte-Mecklenburg Police Officer Andrew A. Demaioribus was working as part of a team targeting street-level narcotic sales by conducting undercover buy operations on Charlotte city streets. While working undercover, Officer Demaioribus wore plain clothes and drove alone in an unmarked car. Additional police units stayed within two blocks of Officer Demaioribus' location to provide assistance in the event that Officer Demaioribus' safety was compromised.

At about 11:25 p.m., Officer Demaioribus observed defendant in front of a residence. Officer Demaioribus pulled over and asked defendant if defendant could help him "get some green," to which defendant replied, "Yeah. I can get you some." Defendant then got into Officer Demaioribus' vehicle. Defendant instructed Officer Demaioribus to drive to several residences in the area in search of marijuana.

Before defendant left the car at the first residence, Officer Demaioribus handed defendant a $20 bill. Defendant was unable to locate marijuana at the first few residences. When they arrived at the last location, defendant got out of the car, walked out of sight, and returned after one or two minutes. In defendant's absence, Officer Demaioribus relayed his location to other officers using a cell phone. When defendant got back into the car, Officer Demaioribus asked, "Have you got my stuff?" Defendant replied, "Yeah. I got your shit. I got it." Defendant then handed Officer Demaioribus two baggies containing a green substance that Officer Demaioribus thought was marijuana.

After the transaction was complete, Officer Demaioribus gave a "take down signal" to inform other officers that defendant should be arrested. Defendant instructed Officer Demaioribus to drive him to a nearby store. Officer Demaioribus dropped defendant off in the store's parking lot and immediately radioed to a supporting officer, Charlotte-Mecklenburg Police Officer Derek E. Rud, to provide a description of defendant. Officer Rud pulled into the store's parking lot and arrested defendant. Although he searched defendant pursuant to the arrest, Officer Rud did not locate the $20 bill Officer Demaioribus had given defendant. Subsequently, chemical analysis indicated that the substance in the baggies was 2.03 grams of marijuana.

On 24 August 2009, defendant was indicted for possession with intent to sell or deliver marijuana and for delivering cocaine. Defendant was additionally indicted for selling marijuana. Subsequently, on 2 November 2009, the State obtained a superseding indictment charging defendant with delivering marijuana. In addition, defendant was indicted for being a habitual felon.

Defendant testified on his own behalf at trial. He told the jury that he was walking on the street when a man in a small car drove slowly alongside him and asked if defendant could "get some green." Defendant replied, "Man, I just got out of prison and I don't even know the people with stuff like that, if they are still around here or not." However, the man persisted, and when defendant asked the man, "Well, what's in it for me?" the man said, "I'll buy you a beer or, you know, give you a couple dollars." Defendant then told a friend, "I'm going to see if I can go help this Dude buy some reefer." Defendant got into the man's car and directed him to several residences. While in the car, the man handed defendant a $20 bill and stated that he wanted "a twenty."

5

> After several failed attempts to locate marijuana, the man became nervous and asked defendant if defendant intended to steal his money. Defendant responded by returning the $20 bill to the man and asking to be taken back to the location where defendant was picked up. As they drove back, defendant tried to locate marijuana at one last house. Defendant entered the house, informed the occupants that the man in the car "wants to get some weed," and then returned to the car. One of the occupants of the house then came to the car, and the man in the car gave the $20 bill to that person in exchange for marijuana. Defendant then directed the man to a store and asked, "Do you want to give me the Two Dollars so I can get me a beer?" The man responded, "Oh, man, you know, I ain't even got no more money on me." Defendant testified that although he "was looking to get a beer ... from the guy that was driving the vehicle," he received no money, drugs, or other compensation from anyone that evening.
>
> The jury found defendant guilty of (1) possession with intent to sell or deliver marijuana and (2) delivering marijuana. The jury further found that defendant was a habitual felon. The jury found defendant not guilty of selling marijuana. The trial court sentenced defendant to two consecutive terms of 101 to 131 months imprisonment.

State v. Land, 733 S.E.2d 588, 590-91 (N.C. App. 2012).

**A. Petitioner's First Ground for Relief**

In his first ground for relief, Petitioner contends that his sentence of 22 years for a marijuana infraction involving 2.3 grams of marijuana constitutes cruel and unusual punishment. Petitioner did not raise this claim on direct appeal. Thus, this claim is procedurally barred, and Petitioner has not shown cause or prejudice to excuse the default, nor has he shown fundamental unfairness. See N.C. GEN. STAT. § 15A-1419(a)(3) and (b) (2013) (claim shall be denied when defendant was in an adequate position to have raised it in prior appeal but did not do so, absent cause and prejudice or fundamental miscarriage of justice, i.e., "actual innocence"). See also Rose v. Lee, 252 F.3d 676 (4th Cir.) (North Carolina's post-conviction procedural bar statute of section 15A-1419 is now mandatory), cert. denied, 534 U.S. 941 (2001) and Breard v. Pruett, 134 F.3d 615 (4th Cir.) (procedural default occurs when habeas petitioner fails to exhaust available state remedies and court to which petitioner would be required to present his claims in

order to meet exhaustion requirement would now find claims procedurally barred), cert. denied, 523 U.S. 371 (1998).

In addition to being barred by procedural default, Petitioner's claim is without merit. The U.S. Supreme Court has consistently upheld the constitutional validity of enhanced sentences based on recidivism against ex post facto, due process, equal protection, and double jeopardy challenges. See e.g., Ewing v. California, 538 U.S. 11 (2003) (sentence of 25 years to life for theft of golf clubs under California's "three strikes" law upheld under Eighth Amendment); Lockyer v. Andrade, 538 U.S. 63 (2003) (two consecutive terms of 25 years to life for two counts of petty theft under California's "three strikes" law upheld; the gross disproportionality principle under Eighth Amendment reserved only for extraordinary cases); Harmelin v. Michigan, 501 U.S. 957 (1991) (mandatory life without parole for possessing more than 650 grams of cocaine does not violate Eighth Amendment); Spencer v. Texas, 385 U.S. 554, 560 (1967) (citing cases).

In sum, Petitioner's first ground for relief is denied.

**B. Petitioner's Second Ground for Relief**

In his second ground for relief, Petitioner contends that he received ineffective assistance of counsel based on trial counsel's failure to request specific jury instructions on the elements of delivery of marijuana under North Carolina law, and based on counsel's failure to object to the instructions that were given. That is, under North Carolina law, if the amount of marijuana transferred was less than five grams, there can be no "delivery" without remuneration. See N.C. GEN. STAT. § 90-95(b)(2) ("The transfer of less than 5 grams of marijuana . . . for no remuneration shall not constitute a delivery in violation of G.S. 90-95(a)(1)."). Here, although less than five grams of marijuana was transferred, the trial court did not instruct the jury that

there can be no delivery without remuneration.  Petitioner is essentially arguing that he did not use the $20 bill to obtain the marijuana for the undercover officer, and he therefore would not have been convicted of delivery of marijuana if the court had given the proper instructions.  For the following reasons, Petitioner is not entitled to relief as to this claim.

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense.  See U.S. CONST. amend. VI.  To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him.  See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010).  Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'"  Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).  Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice."  Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008).  If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong."  United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

Petitioner raised the substance of his ineffective assistance of counsel claim on direct appeal as an alternative argument to his plain error assertion that the trial court should have instructed the jury that the transfer of less than five grams of marijuana for no remuneration is not a "delivery" under N.C. GEN. STAT. § 90-95.  Petitioner also contended that he was also

8

entitled to a jury instruction on simple possession of marijuana. The North Carolina Court of Appeals adjudicated and denied Petitioner's claim, as follows:

> Finally, defendant argues that the trial court committed plain error in (1) failing to instruct the jury that delivery of less than five grams of marijuana for no remuneration is not a delivery and (2) failing to instruct the jury on the lesser included offense of simple possession of marijuana. "It is the duty of the trial court to instruct the jury on all substantial features of a case raised by the evidence." State v. Shaw, 322 N.C. 797, 803, 370 S.E.2d 546, 549 (1988). "Failure to instruct upon all substantive or material features of the crime charged is error." State v. Bogle, 324 N.C. 190, 195, 376 S.E.2d 745, 748 (1989).
>
> Although defendant did not object to the trial court's jury instructions at trial, he seeks plain error review.
>
> For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty. Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affect[s] the fairness, integrity or public reputation of judicial proceedings[.]
>
> State v. Lawrence, 365 N.C. 506, __, 723 S.E.2d 326, 334 (2012) (internal citations and quotation marks omitted).
>
> Here, the trial court's instructions regarding delivery of marijuana consisted of the following:
>
>> The Defendant has been charged with delivering marijuana, a controlled substance. For you to find the Defendant guilty of this offense, the State must prove beyond a reasonable doubt that the Defendant knowingly delivered marijuana to Mr. Demaioribus.
>>
>> If you find from the evidence beyond a reasonable doubt that on or about the alleged date the Defendant knowingly delivered marijuana to Mr. Demaioribus, then it would be your duty to return a verdict of guilty. If you do not so find or if you have a reasonable doubt then it would be your duty to return a verdict of not guilty.
>
> We agree with defendant that because the evidence showed that defendant transferred to the officer, if anything, only 2.03 grams of marijuana, the trial court erred by not instructing the jury that in order to prove delivery, the State was

required to prove that defendant transferred the marijuana for remuneration. See Pevia, 56 N.C. App. at 387, 289 S.E.2d at 137. The question remains, however, whether this omission rises to the level of plain error.

At trial, the State did not dispute that defendant no longer had the $20 bill on his person when he was arrested immediately after being dropped off by the undercover officer. In turn, defendant did not dispute at trial that he agreed to help the undercover officer buy marijuana and that the driver initially gave defendant a $20 bill. The dispute at trial was whether defendant, as he claimed, returned the $20 bill to the officer or whether he gave it to a man at the last house he visited and received back marijuana, which he then delivered to the officer. Defendant's defense of the charges rested on his testimony that after he returned the $20, another man walked up to the officer's car and dealt directly with the officer, who handed that man the $20 bill in exchange for the baggies of marijuana. According to defendant, he never had possession of the marijuana— he never handed any marijuana to the officer.

When the jury found defendant guilty of possession with intent to sell or deliver the marijuana, it necessarily rejected defendant's version of what occurred and defendant's claim that he did not transfer the marijuana to the officer. In order to find defendant guilty of the possession charge, the jury must have found the officer more credible and believed that defendant used the $20 bill to obtain marijuana, which defendant then transferred to the officer. Based on the possession verdict, we cannot say that the jury probably would have reached a different verdict with regard to the delivery charge if properly instructed, in accordance with Pevia, regarding remuneration.

Defendant, however, points to the jury's not guilty verdict with respect to the charge of sale of marijuana. That verdict reflects the lack of evidence that defendant retained any part of the $20 in exchange for having obtained the marijuana. The verdict does not make it probable that a properly-instructed jury would have found defendant not guilty of having used the officer's $20 bill to obtain marijuana for him. To the contrary, we find that it is probable that even if properly instructed, the jury would have found the facts to be consistent with the officer's testimony: that defendant took the $20 bill, used it to obtain the marijuana, and delivered the marijuana to the officer. Defendant has not, therefore, shown plain error.

Defendant next argues that it was plain error not to instruct the jury on the lesser included offense of simple possession of marijuana. "An instruction on a lesser-included offense must be given only if the evidence would permit the jury rationally to find defendant guilty of the lesser offense and to acquit him of the greater. When determining whether there is sufficient evidence for submission of a lesser included offense to the jury, we view the evidence in the light most favorable to the defendant." State v. Ryder, 196 N.C. App. 56, 63-64, 674 S.E.2d

805, 811 (2009) (internal citation and quotation marks omitted).

    Here, in order to find defendant guilty of simple possession, the jury would have had to believe the portion of defendant's testimony claiming that he returned the $20 to the officer, but disbelieved the portion of defendant's testimony that a third person actually handed the marijuana to the officer. The jury would, in other words, have to find that defendant was able to obtain the marijuana that he handed to the officer without using the officer's $20 bill. Because, given the evidence, such a verdict is improbable, defendant has failed to show that the trial court committed plain error in failing to instruct on simple possession.

    Alternatively, defendant argues that he received ineffective assistance of counsel because of his trial counsel's failure to request these jury instructions. Since the trial court did not commit plain error when failing to give the instructions at issue, defendant cannot establish the necessary prejudice required to show ineffective assistance of counsel for failure to request the instructions. See State v. Pratt, 161 N.C. App. 161, 165, 587 S.E.2d 437, 440 (2003) ("A successful ineffective assistance of counsel claim based on a failure to request a jury instruction requires the defendant to prove that without the requested jury instruction there was plain error in the charge.").

State v. Land, 733 S.E.2d 588, 594-95 (N.C. App. 2012).

The North Carolina Court of Appeals' adjudication of Petitioner's claim was neither contrary to nor an unreasonable application of clearly established federal law, as determined by the U.S. Supreme Court, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.[1] Furthermore, a federal habeas court's review of a state court's denial of an ineffective assistance of counsel claim is "doubly deferential." Harrington, 131 S. Ct. at 786-88. That is, when both § 2254(d) and Strickland

---

[1] Petitioner also raised the substance of his current ineffectiveness claim in his petition for discretionary review with the North Carolina Supreme Court, which allowed review and then summarily affirmed per curiam. See (Doc. Nos. 8-3; 8-4). Because the North Carolina Court of Appeals opinion constitutes the last reasoned analysis of this ineffectiveness issue, this Court must "look through" the North Carolina Supreme Court's per curiam opinion and review the Court of Appeals opinion on this point. See Ylst v. Nunnemaker, 501 U.S. 797, 805-06 (1991) ("look through" doctrine requires federal court to look through summary orders to last reasoned opinion addressing issue).

apply, the question becomes whether "there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id. at 788. Here, as discussed, a reasonable argument obviously exists that counsel satisfied Strickland's deferential standard. That is, because no plain error occurred because of the trial court's failure to give the jury instruction at issue here, counsel's failure to object or request the jury instruction did not prejudice Petitioner. See State v. Seagroves, 78 N.C. App. 49, 54 (1985) ( "There being no 'plain error' in the jury instructions, defendant's assertion of ineffective assistance of counsel with respect thereto must also fail."); see also Sharpe v. Bell, 593 F.3d 372, 383 (4th Cir. 2010) (trial counsel cannot be ineffective under Strickland for failing to a raise meritless claim).

In sum, Petitioner's second ground for relief is denied.

## IV. CONCLUSION

For the reasons stated herein, Respondent is entitled to summary judgment.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion for Summary Judgment, (Doc. No. 7), is **GRANTED** and the § 2254 petition is **DISMISSED** with prejudice.

2. It is further ordered that, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: April 28, 2014

Frank D. Whitney
Chief United States District Judge